**FILED**

JAN 2 4 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RANA CAROL EDWARDS,              )
                                 )
            Plaintiff,           )
                                 )
     v.                          )     Civil Action No. 13 0103
                                 )
THE UNITED STATES DEPARTMENT     )
OF JUSTICE,                      )
                                 )
            Defendant.           )

## MEMORANDUM OPINION

This matter comes before the court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(1)(B), 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed the plaintiff's complaint, the Court concludes that what

1

factual contentions are identifiable are baseless and wholly incredible. The complaint is so incoherently written that the Court cannot discern a viable legal claim. For these reasons, the complaint is frivolous and it must be dismissed. *See* 28 U.S.C. § 1915(e)(1)(B).

An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE: 17 January 2013

2